

ORDERED in the Southern District of Florida on April 6, 2021.

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_Tagged Opinion_

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                              CASE NO. 20-11599-BKC-LMI

LORENZO PEREZ, JR.,                  Chapter 13

        Debtor.
_____/

## ORDER FINDING THAT ATTORNEY IS
## JOINTLY AND SEVERALLY LIABLE FOR DAMAGES

This matter came before the Court on March 5, 2021 on this Court's Order Setting Evidentiary Hearing by Video Conference (ECF #60). The Court has reviewed the docket in this case, the memoranda filed by Debtor's counsel, Julio Marrero ("Marrero") (ECF #69) and by the Creditor, C.G.T.J Investments LLC (the "Creditor") (ECF #71), and finds that the law firm of Marrero, Chamizo, Marcer Law, LP (the "MCM Firm") should be jointly and severally responsible for the

attorney fees and costs incurred by the Creditor in connection with this bankruptcy case.

The case was filed by the Debtor, Lorenzo Perez, Jr., on February 6, 2020 (the "Petition Date"). The Creditor filed a Motion to Dismiss Bankruptcy Case with Prejudice, a [sic] Prospective Stay Relief and for Sanctions (ECF #18) (the "Motion to Dismiss"), arguing, amongst other reasons, that Creditor was the record title owner of property subject of the bankruptcy proceeding – property located at LOTS 29 AND 30, BLOCK 182, OF CORAL GABLES RIVIERA SECTION PART 6, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 20, PAGE 79, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA; a/k/a Folio No. 03-4130-002-0840 a/k/a 1551 Delgado Avenue, Coral Gables, FL 33146-2414 (the "Property"). The Creditor noted in its Motion to Dismiss that the Debtor had filed an appeal to the Florida Third District Court of Appeal (the "Third DCA") of the foreclosure sale by which the Creditor obtained title to the Property. By Supplement to the Pending Motion to Dismiss Bankruptcy Case and Response to the Debtor's Emergency Motion to Continue (ECF #21) filed a few days later, the Creditor advised the Court that the Third DCA had dismissed the appeal due to the Debtor's failure to file its required brief.

On April 30, 2020[1], the Court entered its Order Granting Motion to Dismiss with Prejudice, A [sic] for Prospective Stay Relief and for Sanctions and Setting Hearing on Order to Show Cause (ECF #29) (the "Dismissal Order"),

---

[1] The hearing on the Motion to Dismiss was delayed, at the request of Debtor's counsel, because Debtor's counsel's law firm was closing to comply with the Centers for Disease Control and Prevention. (Debtor's Emergency Motion to Continue (ECF #20)).

finding the case was filed in bad faith solely to avoid eviction from Property, dismissing the case with prejudice for one year, granting two years of "*in rem*" stay relief, and reserving jurisdiction to determine whether the Creditor "is entitled to attorney fees and other costs pursuant to Fed. R. Bankr. P. 9011."

The Debtor appealed the Dismissal Order, which appeal was summarily dismissed by the District Court by paperless order (ECF #44). The Court set a preliminary hearing in September of 2020 on the 9011 sanctions, which the Debtor's counsel requested be continued. The matter went forward solely for the purpose of discussing the parameters of the continued evidentiary hearing. That evidentiary hearing was then reset first to January of 2021 and then to March of 2021. Immediately prior to the March 2021 hearing the Debtor decided to stipulate to all facts relating to the Creditor's request for sanctions, including the amount of fees and costs requested. *See* Notice of Stipulation to All of Creditor's Statement of Issues in Support of Record Title Owner/Secured Creditor's Damages Following Dismissal (ECF #66) (the "Notice of Stipulation"). The sole issue remaining is whether the MCM Firm should be held jointly and severally liable for the sanctions. The parties were directed to brief the issue.

Marrero's brief argues that the MCM Firm should not be held jointly and severally liable, relying on the standards under 28 U.S.C. §1927 that must be met to levy sanctions against a litigant or the litigant's counsel for vexatious litigation. However, as the Creditor points out in its response, the Court set a hearing on liability under Fed. R. Bankr. P. 9011, *not* 28 U.S.C. §1927. Fed. R. Bankr. P. 9011(b) states in part:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) *it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay* or needless increase in the cost of litigation;
>
> (2) *the claims, defenses, and other legal contentions therein are warranted by existing law* or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(emphasis added).

Fed. R. Bankr. P. 9011(c) states: "If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." *See In re Grigsby*, 233 B.R. 558, 560 (Bankr. S.D. Fla. 1999) (sanctioning debtor and debtor's attorney for filing bankruptcy petition in bad faith).

While it is clear that the Debtor violated Rule 9011(b)(1), it is also clear that the MCM Firm violated Rule 9011(b)(2).[2] Because the MCM Firm's litigation tactics, including the filing of the appeal of the Dismissal Order and waiting to the last minute to stipulate to facts for a scheduled evidentiary hearing, and the Debtor's non-litigation delays, including refusing access to the property both before and after title passed, worked in tandem, both the Debtor and the MCM

---

[2] Note that Fed. R. Bankr. P. 9011(c)(2)(A) states that "monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)."

4

Firm are responsible for the filing of the bad faith petition and the costs associated with the Motion to Dismiss and the subsequent events.

Therefore, it is ORDERED that the MCM Firm and the Debtor are jointly and severally liable for the sanctions requested by the Creditor, the amounts of which the Debtor has previously agreed to in the Notice of Stipulation. The total sanctions therefore awarded jointly and severally against the Debtor and the MCM Firm are $55,525.50 (attorney fees of $16,550.00[3] and costs and expenses of $38,975.50[4]).

# # #

Copies furnished to:
John Penson, Esq.

*Attorney Penson is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, and file a proof of such service within two (2) business days from entry of the Order.*

---

[3] Affidavit of C.G.T.J Investments, LLC's Attorney's Fees in Support of Record Title Owner/Secured Creditor's Damages Following Dismissal (ECF #55).
[4] Affidavit of Damages in Support of Order Disissmissing [sic] Case and Setting Evidentiary Hearing Damage Hearing (ECF #56).